# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBYN HENRY, :

        Plaintiff,

Case No. 3:11-cv-416

  -vs-

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant. :

# REPORT AND RECOMMENDATIONS

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1381(c)(3) as it incorporates §405(g), for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law), against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner, supra.* If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

To qualify for disability insurance benefits (SSD), a claimant must meet certain insured status requirements, be under age sixty-five, file an application for such benefits, and be under a disability as defined in the Social Security Act, 42 U.S.C. § 423. To establish disability, a claimant must prove that he or she suffers from a medically determinable physical or mental impairment that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §423(d)(1)(A). Secondly, these impairments must render the claimant unable to engage in the claimant's previous work or in any other substantial gainful employment which exists in the national economy. 42 U.S.C. §423(d)(2).

To qualify for supplemental security benefits (SSI), a claimant must file an application and be an "eligible individual" as defined in the Social Security Act. 42 U.S.C. §1381a. With

respect to the present case, eligibility is dependent upon disability, income, and other financial resources. 42 U.S.C. §1382(a). To establish disability, a claimant must show that the claimant is suffering from a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(A). A claimant must also show that the impairment precludes performance of the claimant's former job or any other substantial gainful work which exists in the national economy in significant numbers. 42 U.S.C. §1382c(a)(3)(B). Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. *See,* 20 C.F.R. §416.335.

The Commissioner has established a sequential evaluation process for disability determinations. 20 C.F.R. §404.1520. First, if the claimant is currently engaged in substantial gainful activity, the claimant is found not disabled. Second, if the claimant is not presently engaged in substantial gainful activity, the Commissioner determines if the claimant has a severe impairment or impairments; if not, the claimant is found not disabled. Third, if the claimant has a severe impairment, it is compared with the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1 (1990). If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded. 20 C.F.R. §404.1520(d). Fourth, if the claimant's impairments do not meet or equal a listed impairment, the Commissioner determines if the impairments prevent the claimant from returning to his regular previous employment; if not, the claimant is found not disabled. Fifth, if the claimant is unable to return to his regular previous employment, he has established a *prima facie* case of disability and the burden of proof shifts to

the Commissioner to show that there is work which exists in significant numbers in the national economy which the claimant can perform. *Bowen v. Yuckert,* 482 U.S. 137, 145, n.5 (1987).

Plaintiff filed applications for SSD and SSI in July, 2008, alleging disability from February 2, 2008, due to fibromyalgia, anxiety, panic attacks, and depression. PageID 173-80; 167-70; 207. The Commissioner denied Plaintiff's applications initially and on reconsideration. PageID 111-14; 115-17; 123-29; 130-36. Administrative Law Judge Amelia Lombardo held a hearing, (PageID 70-104), following which she determined that Plaintiff is not disabled. PageID 46-67. The Appeals Council denied Plaintiff's request for review, PageID 39-41, and Judge Lombardo's decision became the Commissioner's final decision. See *Kyle v. Commissioner of Social Security,* 609 F.3d 847, 854 (6th Cir. 2010).

In determining that Plaintiff is not disabled, Judge Lombardo found that she has severe history of breast cancer with residual effects of surgery, anxiety, and depression, but that she does not have an impairment or combination of impairments that meets or equals the Listings. PageID 51, ¶ 3; PageID 55, ¶ 4. Judge Lombardo also found that Plaintiff has the residual functional capacity to perform a limited range of light work. PageID 56, ¶ 5. Judge Lombardo then used section 202.21 of the Grid as a framework for deciding, coupled with a vocational expert's (VE) testimony, and concluded that there is a significant number of jobs in the economy that Plaintiff is capable of performing. PageID 61, ¶ 10. Judge Lombardo concluded that Plaintiff is not disabled and therefore not entitled to benefits under the Act. PageID 62.

In her Statement of Specific Errors, Plaintiff does not challenge the Commissioner's findings with respect to her physical impairments, but only as to her alleged mental impairments. (Doc. 8). Accordingly, the Court will focus its review of the record primarily on the mental health

4

evidence.

Plaintiff has a history of breast cancer and underwent a right breast lumpectomy and radiation treatment in 2004, a bilateral mastectomy in February, 2010, and reconstructive surgery in December, 2010. See PageID 51-52.

The record contains a copy of treating urologist Dr. Abromowitz' office notes dated March-April, 2010, and which reflect that Dr. Abromowitz treated Plaintiff for pelvic pain. PageID 575-80.

The record contains a copy of Plaintiff's treatment notes from Family Medicine Care dated May, 2008, through March, 2010. PageID 582-98. Those records reveal that Plaintiff received general medical treatment at that facility for various conditions including lumbago, pelvic pain, headache, nausea, visual disturbances, esophageal reflux, anxiety, and depression. *Id.*

The record contains a copy of Plaintiff's treatment notes from Mental Health Services of Clark County dated June 17, 2002, to November 14, 2003. PageID 262-75. Plaintiff's discharge summary, prepared by her counselor, reveals that Plaintiff sought mental health treatment for depression which was evidenced by decreased concentration, persistent indecisiveness, anxiety, and agitation, she had previously seen a Christian counselor for a year, had an ongoing problem with anxiety and saw a psychiatrist for medication, that she was seen for two individual counseling sessions and one group session, and that she did not follow through with the group. *Id.* Plaintiff's counselor noted in the discharge summary that Plaintiff's diagnoses were mood disorder NOS, generalized anxiety disorder, and personality disorder, and that her GAF was 65. *Id.*

The record contains a copy of treating physician Dr. Feagins' office notes dated January, 2007, through April 15, 2010. PageID 322-80; 437-503. Those notes reveal that Dr. Feagins

treated Plaintiff for various medical conditions including inflammatory arthritis, pharyngitis, sinusitis, migraine, nausea, anxiety, panic attacks, depression, allergic rhinitis, leg pain, insomnia, non-obstructing kidney stone, urinary tract infection, fatigue, lumbar spasms, influenza, and gastritis. *Id.*

The record contains a copy of treating physician Dr. Ranginwala's office notes dated July 31 to September 3, 2008, reflecting treatment for complaints of pain in Plaintiff's hands, wrists, feet, and ankles. PageID 382-89.

Examining psychologist Dr. Tanley noted on September 23, 2008, that Plaintiff reported that she had fibromyalgia, panic attacks, depression, and anxiety, she had seen a psychologist in the past, and that she had some college in regular classes. PageID 390-92. Dr. Tanley also noted that Plaintiff was cooperative, demonstrated no eccentricities, impulsivity, or compulsivity, appeared motivated, did not seem to exaggerate or minimize her symptoms, had normal speech and thoughts, and had an appropriate affect. *Id.* Dr. Tanley reported that Plaintiff's psychomotor activity was within acceptable limits, she displayed no evidence of preoccupation, religiosity, misinterpretations, suspiciousness, hostility, aggressivity, ideas of reference, delusions, paranoid ideation, hallucinations, ideas of reference, delusions, paranoid ideation, grandiosity, or any unusual thought content, and that she was alert and oriented. *Id.* Dr. Tanley also reported that Plaintiff's recent and remote memories were superficially intact and that her judgment was likely sufficient to make life decisions and conduct her own living arrangements. *Id.* Dr. Tanley identified Plaintiff's diagnoses as depressive disorder and panic disorder with agoraphobia and he assigned her a GAF of 51. *Id.* Dr. Tanley opined that Plaintiff's ability to relate to others was unimpaired during the exam, she was capable of comprehending and completing simple, routine

ADL tasks both at home and in the community, her concentration, persistence and pace were unimpaired during the exam, and that her ability to withstand the stress and pressure of daily work was moderately impaired. *Id.*

Plaintiff was hospitalized October 11-13, 2009, for treatment of major depression. PageID 409-10; 516-21. At the time Plaintiff was admitted to the hospital, it was noted that she had a long history of mood disorder, had been getting worse and was not functioning well, and that she was hospitalized for stabilization and safety. *Id.* Plaintiff was treated with medications and therapies and she was discharged in an improved condition with the diagnosis of major depressive disorder without psychotic features, recurrent episode, and cannabis abuse. *Id.* Plaintiff was was referred to Mental Health Services for Clark and Madison Counties for aftercare. *Id.*

Treating physician Dr. Koduri reported on March 12, 2010, that Plaintiff's diagnosis was breast cancer, that she was being treated with chemotherapy and her prognosis was good, that she was able to lift/carry zero to five pounds and that her other abilities to perform exertional work-related activities were not significantly limited. PageID 427-31. Dr. Koduri also reported that Plaintiff's abilities to perform work-related mental activities were not significantly to moderately limited. *Id.*

The record contains additional treatment notes for Plaintiff from Mental Health Services for Clark County dated October, 2009, through April, 2010. PageID 505-33. Those records reveal that when Plaintiff was evaluated on October 11, 2009, she was cooperative and oriented, had normal thought processes and content, good judgment, and was depressed with a constricted affect. *Id.* On January 10, 2010, Plaintiff's therapist at Mental Health Services for Clark County reported that Plaintiff's diagnosis was major depressive disorder, recurrent, with concurrent

7

medical issues, that her abilities to perform work-related mental activities were moderately to markedly limited, and that she was unemployable. PageID 433-35.

Treating surgeon Dr. Muth reported on February 15, 2010, that Plaintiff was five years status post excision of a carcinoma of the right breast with axillary dissection and postoperative radiation who recently presented with a right breast mass and subsequently underwent a bilateral mastectomy. PageID 535. Dr. Muth also reported that the pathology report revealed that Plaintiff had an angiosarcoma of the breast. *Id.*

Plaintiff consulted with pain specialist Dr. Mubarak in March-April, 2010, for complaints of pelvic pain. PageID 565-72. Dr. Mubarak treated Plaintiff with medications and her condition improved. *Id.*

Plaintiff alleges in her Statement of Specific Errors that the Commissioner erred by giving great weight to Dr. Tanley's opinion, failing to give the proper weight to her therapist's opinion, failing to properly evaluate her credibility, and by relying on the VE's testimony because it was in response to an improper hypothetical question. (Doc. 8).

In support of her first Error, Plaintiff argues that the Commissioner erred by relying on Dr. Tanley's opinion with respect to her ability to maintain social functioning rather than on the opinions of the reviewing mental health experts.

The reviewing psychologists, Drs. Flynn and Chambly, opined that Plaintiff's ability to maintain social functioning was moderately limited. See PageID 385-98; 407; 412-25. In contrast, Dr. Tanley determined that Plaintiff's ability to relate to others was not impaired. See PageID 390-92. The question is whether the Commissioner had an adequate basis for relying on Dr. Tanely's opinion and therefore finding that Plaintiff had no impairment in her ability to maintain

8

social functioning.

First, as noted above, Dr. Tanley examined Plaintiff while Drs. Flynn and Chambly are reviewing psychologists. Second, while Drs. Flynn and Chambly essentially determined that Dr. Tanley identified Plaintiff's diagnoses as including agoraphobia which they (Drs. Flynn and Chambly) found inconsistent with his conclusion that Plaintiff's ability to relate to others was not impaired, Dr. Tanley opined that Plaintiff's agoraphobia caused Plaintiff's moderate limitations in her ability to withstand the stress and pressure of daily work rather than affecting her ability to relate to others. PageID 392. Third, the other evidence of record supports the Commissioner's conclusion that Plaintiff's ability with respect to social functioning is not moderately impaired. Specifically, Dr. Tanley noted that Plaintiff was cooperative and that she took care of her mother. PageID 391. In addition, Plaintiff lives with her sister, has been her sister's housekeeper, does scrapbooking with her sister, has a boyfriend, leaves the house three to four times a week, and traveled to Kentucky with her boyfriend. PageID 87-88. The Court finds that the Commissioner had an adequate basis for relying on Dr. Tanley's opinion as to Plaintiff's ability involving social functioning.

Plaintiff argues next that the Commissioner erred by failing to give the proper weight to her therapist Becky Kreber's February 22, 2010, opinion that she (Plaintiff) was markedly limited in her abilities to perform most work-related mental activities.

A physician's statement that a claimant is disabled is of course not determinative of the ultimate issue. *See, Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986). A physician's broad conclusory formulations regarding the ultimate issue of disability, which must be decided by the Commissioner, are not determinative of the question of whether an

9

individual is under a disability. *Id.* The weight accorded to a physician's opinion is dependent on whether it is well supported by medically acceptable clinical and laboratory techniques and whether it is inconsistent with the other substantial evidence in the record. *Cf., Cutlip v. Secretary of Health and Human Services,* 25 F.3d 284 (6th Cir. 1994). Stated differently, the Commissioner may properly reject a physician's opinion if it is not supported by sufficient medical data or if it is inconsistent with the other evidence of record. *Cf., Kirk v. Secretary of Health and Human Services,* 667 F.2d 524 (6th Cir. 1981), *cert. denied,* 461 U.S. 957 (1983). However, the ALJ must provide "good reasons" for discounting treating physicians' opinions, reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 242, (6th Cir. 2007)(citation omitted).

In evaluating Ms. Kreber's opinion, Judge Lombardo first noted that a therapist in not an acceptable source for Social Security purposes. PageID 54. That is, of course, a correct statement of the Regulations. 20 C.F.R. § 404.1527(d)(2). Nevertheless, even assuming that Ms. Kreber's opinion was entitled to the same consideration as the opinion of an acceptable source, the Commissioner had an adequate basis for rejecting her February, 2010, opinion.

Judge Lombardo rejected Ms. Kreber's opinion essentially on the basis that it is inconsistent with Plaintiff's treatment notes and with other evidence in the record. PageID 54-55. For the following reasons, this Court concludes that is an appropriate analysis of Ms. Kreber's opinion.

Although she reported on February 22, 2010, that Plaintiff was markedly limited in her abilities to perform most work-related mental activities, Ms. Kreber's clinical notes do not support

10

her opinion. For example, on November 3, 2009, just shortly after Plaintiff was hospitalized, Ms. Kreber reported that Plaintiff was only "mildly" depressed and anxious, her medication was helping to control her symptoms, and that Ms. Kreber had no major concerns for Plaintiff. PageID 523. Ms. Kreber reported on February 22, 2010, the same date she offered her opinion about Plaintiff's limitations, that Plaintiff did not wish to continue therapy, her mood was euthymic, she denied any symptoms, and that Ms. Kreber had no major concerns for Plaintiff's mental health. PageID 522. Those clinical notes are simply inconsistent with Ms. Kreber's simultaneous opinion that Plaintiff was markedly limited. In addition, Ms. Kreber's opinion is inconsistent with Dr. Tanley's opinion as well as with Dr. Flynn's and Dr. Chambly's opinions. Accordingly, the Commissioner properly rejected Ms. Kreber's February, 2010, opinion.

Plaintiff argues next that the Commissioner erred by failing to properly evaluate her credibility.

In rejecting Plaintiff's subjective complaints and allegations, Judge Lombardo determined that they were not supported by the record and therefore could not be considered fully credible. PageID 59.

For the same reasons that the Commissioner properly relied on Dr. Tanley's opinion and properly rejected Plaintiff's therapist's opinion, the Commissioner had an adequate basis for finding that Plaintiff's complaints were not entirely credible. That is, Plaintiff's complaints are inconsistent with her treatment records and her self-reported activities as well as with Drs. Tanley's, Flynn's, and Chambly's opinions. See *Heston v. Commissioner of Social Security,* 245 F.3d 528, 536 (6th Cir. 2001); *Jones v. Commissioner of Social Security,* 336 F.3d 469, 476 (6th Cir. 2003).

In support of her next Error, Plaintiff argues that the Commissioner erred by relying on the VE's testimony because it was in response to an improper hypothetical question. Plaintiff's position seems to be that Judge Lombardo's hypothetical question did not accurately reflect Plaintiff's allegations or her (Judge Lombardo') own findings as to Plaintiff's limitation. Plaintiff specifically relies on *Ealy v. Commissioner of Social Security,* 594 F.3d 504, 516 (6th Cir. 2010) in support of her argument.

A hypothetical question must accurately portray the claimant's physical and mental impairments. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). If a hypothetical question has support in the record, it need not reflect the claimant's unsubstantiated complaints. *Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990); *see also, Stanley v. Secretary of Health and Human Services,* 39 F.3d 115, 118 (6th Cir. 1994). A hypothetical question need only include those limitations accepted as credible by the ALJ. *Casey v. Secretary of Health and Human Services,* 987 F.2d 1230, 1235 (6th Cir. 1993). A vocational expert's response to a hypothetical question that accurately portrays an individual's impairments constitutes substantial evidence for determining whether a disability exists. *Varley*, 820 F.2d at 779-80.

First, because Judge Lombardo had an adequate basis for rejecting Plaintiff's subjective allegations, she was not required to include the limitations associated with such allegations in her hypothetical question to the VE.

Plaintiff's second argument on the issue of the hypothetical question is that Judge Lombardo did not include in that hypothetical her own findings as to Plaintiff's limitations. Specifically, Plaintiff argues that although Judge Lombardo determined that Plaintiff has moderate

12

limitations in maintaining concentration, persistence, and pace, PageID 55, she did not include that limitation in her hypothetical question to the VE. As noted, Plaintiff relies, at least in part, on *Ealy, supra.*

In *Ealy,* the Sixth Circuit determined that an ALJ's finding as to the plaintiff's residual functional capacity limiting the plaintiff to simple, repetitive instructions and tasks in a non-public setting was improper because the ALJ did not account for the speed-based and pace-based limitations when an individual has moderate limitations in concentration, persistence, and pace. *Ealy,* 594 F.3d at 516. However, *Ealy* does not provide a basis for rejecting the Commissioner's hypothetical question.

Judge Lombardo included in her hypothetical question to the VE the limitations of, *inter alia,* unskilled and low stress work which she specifically defined as "no assembly line production quotas and not fast-paced". Those limitations are decidedly different than the limitations the ALJ included in the hypothetical question in *Ealy*. In other words, in contrast to the ALJ in *Ealy,* Judge Lombardo allowed for Plaintiff's limitations in concentration, persistence, and pace when she limited Plaintiff to unskilled and low stress work which does not include assembly line production quotas and which is not fast-paced. In addition, those limitations are consistent with Judge Lombardo's findings as to Plaintiff's moderately limited abilities in the areas of concentration, persistence, and pace.

Accordingly, Judge Lombardo presented a proper hypothetical question to the VE and therefore the Commissioner properly relied on the VE's testimony in finding that Plaintiff is not disabled.

The Court's duty on appeal is not to re-weigh the evidence, but to determine whether the decision below is supported by substantial evidence. *See, Raisor v. Schweiker,* 540 F.Supp. 686 (S.D.Ohio 1982). The evidence "must do more than create a suspicion of the existence of the fact to be established. ... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Secretary of Health and Human Services,* 802 F.2d 839, 840 (6th Cir. 1986), *quoting, NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300 (1939). The Commissioner's decision in this case is supported by such evidence.

It is therefore recommended that the Commissioner's decision that Plaintiff was not disabled and therefore not entitled to benefits under the Act be affirmed.

September 4, 2012

*s/ Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).